## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SEAN GRIFFIN** | **CIVIL ACTION** |
| **VERSUS** | **NO.    18-9938** |
| **STATE OF LOUISIANA** | **SECTION "M"(5)** |

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.    *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

## I.        Procedural History

Petitioner, Sean Griffin, is a convicted inmate currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.    On December 29, 2011, Griffin was charged by bill of indictment with second-degree murder in violation of La. Rev. Stat. § 14:30.1 and felon in possession of a firearm in violation of La. Rev. Stat. §14:95.1.[1]    On May 9, 2013, a jury found him guilty as charged.[2]    Griffin filed a pro se motion to appeal on May 19, 2013, which was

---

[1]  State Rec., Vol. 1 of 9, Bill of Indictment, 12/29/11.

[2]  State Rec., Vol. 1 of 9; Minute Entry, 5/7/13; Minute Entry 5/8/13; Minute Entry, 5/9/13; Verdict, 5/9/13; State Rec., Vol. 3 of 9, Trial Transcript, 5/7/13; Trial Transcript, 5/8/13; State Rec., Vol. 4 of 9, Trial Transcript (con't), 5/8/13; Trial Transcript, 5/9/13; State Rec., Vol. 6 of 9, Trial Transcript (Voir Dire), 5/7/13; State Rec., Vol. 8 of 9, Closing Arguments Transcript, 5/9/13.

the state trial court granted on May 17, 2013.[3]

Defense counsel filed a motion for new trial and a motion for post-verdict judgment of acquittal on June 21, 2013.[4]    On June 24, 2013, the trial court denied the motions and Griffin was sentenced to life in prison at hard labor without the benefit of probation, parole or suspension of sentence as to count one and seven years and six months as to count two to be served concurrently.[5]

On his first direct appeal, on May 12, 2014, the Louisiana Fifth Circuit found the trial court was divested of jurisdiction upon granting Griffin's motion to appeal and therefore it was without jurisdiction to rule of Griffin's subsequently filed motions or to sentence him, and remanded the case for the trial court to rule on petitioner's post-trial motions and, if denied, to re-sentence Griffin.[6]    On April 14, 2014, the trial court denied petitioner's motion for new trial and for post-verdict judgment of acquittal and re-sentenced Griffin to the same sentences.[7]

On the second direct appeal, Griffin, through counsel, asserted that: (1) the trial court erred by failing to quash the indictment because the La. Rev. Stat. § 14:95.1 was unconstitutional; (2) the evidence was insufficient to support his conviction; and (3) the trial

---

[3]  State Rec., Vol. 1 of 9, Motion for Notice of Appeal, 5/16/13; Order, 5/17/13.

[4]  State Rec., Vol. 1 of 9, Motion for a New Trial, 6/21/13; Motion for Post-Verdict Judgment of Acquittal, 6/21/13; Minute Entry, 6/24/13.

[5]  State Rec., Vol. 1 of 9, Minute Entry, 6/24/13; Commitment Order, 6/24/13; State Rec., Vol. 4 of 9, Sentencing Transcript, 6/24/13.

[6]  *State v. Griffin*, 13-KA-701 (La. App. 5 Cir. 3/12/14), 138 So.3d 90; State Rec., Vol. 4 of 9.

[7]  State Rec., Vol. 1 of 9, Minute Entry, 4/14/14; Commitment Order, 4/14/14; State Rec., Vol. 7 of 9, Transcript, 4/14/14.

court erred in failing to grant the defense's challenges for cause to Allen Dyess.[8]    In Griffin's pro se brief, he assigned 14 errors that overlapped and included multiple issues.[9]    Griffin claimed: (1) the trial court erred in denying his pro se pretrial motions as untimely and his counsel was ineffective in failing to file a motion to recuse the trial judge and additional pretrial motions; (2) the trial court abused its discretion and denied him the right to effectively cross-examine Detective Zanotelli during the suppression hearing; (3) ineffective assistance of counsel for failing to object to the trial court's limitation of Detective Zanotelli's cross-examination; (4) the trial court erred in denying the defense's challenge for cause relating to juror Holley; (5) the trial court erred in granting the State's challenge for cause related to Julian; (6) the trial court erred in allowing Pereira to remain on the jury and in limiting defense counsel's examination of the prospective jurors; (7) ineffective assistance of counsel relating to jury selection; (8) ineffective assistance of counsel in failing to investigate the case, refusing to re-urge the motion to quash grand jury indictment, failing to file necessary motions, withdrawing other motions, and allowing the State to introduce unlawfully obtained evidence; (9) the prosecutor made prejudicial remarks during voir dire and confused the prospective jurors regarding the case and law concerning justifiable homicide: (10) defense counsel was ineffective in failing to object to the prosecution's remarks; (11) the trial court made inappropriate comments during voir dire in the presence of the venire; (12) the prosecutor made prejudicial remarks during voir dire and defense counsel was ineffective in failing to request that the venire be dismissed; (13) the trial court

---

[8]  State Rec., Vol. 7of 9, Appeal Brief, 14/KA/0450, 7/2/14.

[9]  State Rec., Vol. 7 of 9, Supplemental Pro Se Appellate Brief, 14-KA-0450, 10/1/14.

restricted defense counsel's examination of prospective jurors regarding justifiable homicide and the consideration of retreat; and (14) the trial court made biased remarks during a bench conference.[10]

On December 16, 2014, the Louisiana Fifth Circuit Court of Appeal affirmed Griffin's convictions and sentences.[11]    On November 20, 2015, the Louisiana Supreme Court denied his application for a writ of certiorari.[12]

On January 16, 2017, Griffin filed an application for post-conviction relief with the state district court.[13]    In that application, he asserted: (1) the trial court erred in failing to instruct the jury on the law pertaining to self-defense/justifiable homicide; (2) ineffective assistance of appellate counsel for failing to raise a claim that petitioner was denied the right to full and fair voir dire examination of prospective jurors; and (3) the prosecutor committed misconduct in repeatedly vouching for the credibility of state witnesses in closing arguments and improperly attacking the credibility of petitioner.    On April 4, 2017, the state district court found that claims one and three were procedurally barred under La. Code Crim. P. arts. 930.4(B) and (C) because they were not raised in the proceedings leading up to the convictions or on appeal and found the second claim meritless.[14]

On May 9, 2017, Griffin filed an application for writ with the Louisiana Fifth Circuit

---

[10]  *Id.*

[11]  *State v. Griffin,* 14–KA–450 (La. App. 5 Cir. 12/16/14), 167 So.3d 31; State Rec., Vol. 7 of 9.

[12]  *State v. Griffin*, 2015–KO–0148 (La. 11/20/15), 180 So.3d 315; State Rec., Vol. 9 of 9.

[13]  State Rec., Vol. 2 of 9, Uniform Application for Post-Conviction Relief and Memorandum in Support of Petition filed January 16, 2017.    He filed a separate memorandum of law on January 24, 2017.    State Rec. Vol. 2 of 9, Original Memorandum in Support of Application for Post-Conviction Relief, 1/24/17.

[14]  State Rec., Vol. 2 of 9, State District Court Judgment denying post-conviction relief, 4/4/17.

Court of Appeal.[15]     The Louisiana Fifth Circuit denied Griffin's writ application on the merits on May 17, 2017.[16]     On June 13, 2017, Griffin filed a writ application with the Louisiana Supreme Court.[17]     On October 8, 2018, the Louisiana Supreme Court denied Griffin's petition for writ of certiorari finding that petitioner showed no lower court error.[18]

On October 22, 2018, Griffin filed the instant application for habeas corpus relief.[19] In that application, Griffin claims (1) the trial court erred in failing to instruct the jury on the law of self-defense; (2) he was denied effective assistance of appellate counsel; and (3) prosecutorial misconduct.

The State concedes that Griffin's petition is not successive and that the federal application is timely.     It claims that Griffin's claims one and three are procedurally barred. It contends that claim two should be dismissed on the merits.[20]

## II.    Facts

The following facts were established at trial and summarized by the Louisiana Fifth Circuit Court of Appeal:

> On August 28, 2011, Frederick Williams was living in an apartment located at 251 Barry Street, and the Kingfish Lounge[2] was located in front of his residence.    At about 12:30 A.M., Mr. Williams and Tiffany Noel were talking outside of Mr. Williams' residence when defendant[3] walked up and asked Ms. Noel about Mr. Crayton's whereabouts.[4] Ms. Noel turned around and attempted to walk away.    Defendant grabbed Ms. Noel's shirt, pulled her

---

[15]   State Rec., Vol. 9 of 9, 5th Circuit Writ Application, 17-KH-247, 5/9/17

[16]   State Rec., Vol. 9 of 9, *Griffin v. Vannoy, et al.*, 17-KH-247 (La. App. 5 Cir. 5/17/17) (unpublished).

[17]   State Rec., Vol. 9 of 9, La. Supreme Court Writ Application, 17 KH 1144, 6/9/17.

[18]   *State ex rel. Sean Griffin v. State*, 2017-KH-1144 (La. 10/8/18), 253 So.3d 1289 (per curiam).

[19]   Rec. Doc. 4, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

[20]   Rec. Doc. 6

hair, and "smacked" her. Ms. Noel fell down and defendant "smacked her a few more times." Mr. Williams picked Ms. Noel up.

[2] A surveillance video was recovered from the Kingfish Lounge which showed the murder of Mr. Crayton.

[3] Mr. Williams referred to the person who walked up as "Jigger," who Mr. Williams identified in court as defendant.

[4] Tiffany Noel was Mr. Crayton's girlfriend.    Ms. Noel died prior to trial.

Although Mr. Crayton was not present when the argument began, he subsequently ran out of a truck in the parking lot and began fighting with defendant.    While Mr. Crayton and defendant were "tussling," Mr. Williams heard defendant state, "I'm going to kill you."    Defendant and Mr. Crayton were wrestling with a gun, when Mr. Crayton knocked the gun out of defendant's hand and into the parking lot.    Defendant, Mr. Crayton, and Mr. Williams ran towards the gun.    Mr. Williams and Mr. Crayton did not attempt to pick up the gun.    Defendant picked up the gun, shot Mr. Crayton and fled.[21]

## III.    Procedural Default (Claims 1 and 3)

In Claim One, Griffin alleges that he was denied to the rights to due process of law, a fair trial, and to present a defense when the trial court failed to instruct the jury on the law pertaining to self-defense/justifiable homicide.    In Claim Three, Griffin argues prosecutorial misconduct based on the prosecution vouching for the credibility of state witnesses and improperly attacking Griffin's credibility during closing arguments.

Griffin raised these claims in his application for post-conviction relief.    In addressing these clams, the state district court found that these claims were known to Griffin at the time of his direct appeal, but he failed to raise them.    The Louisiana Fifth Circuit found no abuse of discretion in finding that Griffin was procedurally barred from raising the claims.    In the last reasoned opinion, the Louisiana Supreme Court found that Griffin failed to show no lower court error.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the

---

[21] *State v. Griffin*, 14-KA-450 (La. App. 5 Cir. 12/16/14), 167 So.3d 31, 36.    State Rec., Vol. 7 of 9.

federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and to federal review of claims that are raised on either direct or habeas review. *Amos*, 61 F.3d at 338.

Procedural default does not bar federal-court review of a federal claim in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902. If a state court applies a procedural bar, but goes on to alternatively address the merits of the federal claim, the claim is still barred from federal review. *See Harris v. Reed*, 489 U.S. at 264 n. 10 ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. ... In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.") (citations omitted); *see also Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999).

The state courts relied upon the provisions of Louisiana Code of Criminal Procedure articles 930.4(B) and (C), which provide independent and adequate state-law grounds to bar federal review of these claims. *See Parks v. Cain*, Civ. Action No. 12–0297, 2014 WL 505329, at *8 (E.D. La. Feb. 6, 2014) (Feldman, J.); *Lewis v. Cain*, Civil Action No. 09-3240, 2010 WL 4363546, at *9 (E.D. La. Aug. 19, 2010) (Chasez, MJ.), *report and recommendation*

*adopted*, 2010 WL 4340795 (E.D. La. Oct. 21, 2010) (Feldman, J.); *Hurd v. Cain*, Civ. Action No. 09-3112, 2009 WL 3063354, at *7 (E.D. La. Sept. 23, 2009) (Lemmon, J.); *Simmons v. Cain*, Civ. Action No. 06–2130, 2008 WL 2185422, at *6 (E.D. La. May 20, 2008) (Berrigan, J.) (finding Article 930.4(B) and (C) independent and adequate to bar trial errors raised on post-conviction that were not raised at trial or on appeal); *Monroe v. Cain*, Civ. Action No. 05–0929, 2006 WL 5507856, at *8 (E.D. La. Oct. 17, 2006) (finding Article 930.4(B) and (C) independent and adequate to bar prosecutorial misconduct claims and others not raised at trial or on appeal), *adopted as modified on other grounds by Monroe v. Cain*, 05–0929, 2008 WL 818968, at *1 (E.D. La. Mar. 24, 2008) (Berrigan, J.).    Here, the state-court ruling was based on Louisiana law setting forth the requirements for preservation and presentation of claims on post-conviction review.    The ruling was independent of federal law and relied strictly on state procedural requirements.

Moreover, the statutory grounds cited above qualify as an "adequate" procedural ground because the state rule is "firmly established and regularly followed."    *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60 (2009)); *see also Glover v. Cain*, 128 F.3d at 902 (to be considered "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases). State procedural rules enjoy a presumption of adequacy when the state court expressly relies upon them in deciding not to review a claim, and the burden is on the petitioner to demonstrate otherwise.    *Glover*, 128 F.3d at 902; *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).    The state courts' reasons for dismissal of Griffin's claims were therefore independent of federal law and adequate to bar review of his claims in this Court.

In order to overcome the procedural-default doctrine, Griffin must demonstrate "cause" for the default and prejudice resulting from the default, or show that the federal court's failure to review the defaulted claim will result in a fundamental miscarriage of justice.    *Amos v. Scott*, 61 F.3d at 339 (citations omitted).    To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.    *Murray v. Carrier*, 477 U.S. 478, 488 (1986).    The mere fact that petitioner or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.    *Id.* at 486.

Griffin claims that the records were not timely sent on appeal to pursue Claim One.[22] The record shows that the Louisiana Fifth Circuit ordered the record to be supplemented to include the jury instructions.[23]    Also, Griffin's pro se motion to supplement the record to include the complete transcripts of opening, closing and rebuttal arguments was granted.[24] According to Louisiana Fifth Circuit, the record was supplemented on August 27, 2014, and the jury instructions had been previously made part of the record during the first appeal.[25] Thereafter, on October 1, 2014, Griffin filed his pro se brief assigning 14 enumerated errors including a multitude of issues, but did not raise the jury instruction issue.[26]    Given that the

---

[22]  Rec. Doc. 4-2, p. 6.

[23]  State Rec., Vol. 7 of 9, 5th Cir. Order, 14-KA-450, 8/21/14.

[24]  State Rec., Vol. 7 of 9, Motion to Suspend Supplemental Briefing and Supplement Record, in the Alterative, for an Extension of Time to File Supplement Brief, 14-KA-0450, 8/5/14; 5th Cir. Order, 14-KA-450, 8/5/14.

[25]  State Rec., Vol. 7 of 9, 5th Cir. Order, 14-KA-450, 8/27/14; State Rec., Vol. 8 of 9, Closing Argument Transcript, 5/9/13 (filed 8/18/14); State Rec., Vol. 3 of 9, Jury Instructions, 5/9/13.

[26]  State Rec., Vol. 7 of 9, Pro Se Supplement to the Original Brief of Sean Griffin, 214-KA-0450, 10/1/14.

records Griffin needed to raise Claim One were available to him well in advance of the filing of his supplemental brief, he has not demonstrated cause for his procedural default of this claim.

Griffin appears to attribute the procedural default of Claim Three to trial counsel's ineffective assistance.    Ineffective assistance of counsel may in some circumstances serve as cause to overcome a procedural bar.    *See Murray*, 477 U.S. at 489 "(where an ineffective assistance claim has independently been presented to state courts, it may be used to establish cause for a procedural default)."    However, as will be discussed later in this report, Griffin's claim of ineffective assistance of counsel is without merit and does not constitute cause for his default of Claim Three.[27]    *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992); *Bella v. Cain*, Civ. Action No. 12-2323, 2015 WL 1311216, at *16 (E.D. La. Mar. 23, 2015); *Arita v. Cain*, Civ. Action No. 11-636, 2011 WL 4738666, at *11 (E.D. La. Aug. 25, 2011), *adopted*, 2011 WL 4738658 (E.D. La. Oct. 6, 2011), *aff'd,* 500 F. App'x 352 (5th Cir. 2012).

The Court's review of the record does not support a finding that any factor external to the defense prevented Griffin from raising the claims in a procedurally proper manner. Nor does the record reflect any action or inaction on the part of the State which prevented

---

[27]    With regard to Claim One, it is unclear whether Griffin argues that his trial counsel was ineffective in failing to object to the jury instructions and his appellate counsel was ineffective in failing to raise the claim on direct appeal.    Even if he did so, those claims cannot serve as cause for the default because neither claim was presented to the state courts.    An ineffective-assistance-of-counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.    *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (holding that "ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim. And we held in [*Murray v. Carrier*, 477 U.S. at 488-89] that the principles of comity and federalism that underlie our longstanding exhaustion doctrine—then as now codified in the federal habeas statute, *see* 28 U.S.C. §§ 2254(b), (c)—require that constitutional claim, like others, to be first raised in state court") (emphasis in original).

him from doing so.    "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice."    *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

A petitioner may avoid procedural bar only if a fundamental miscarriage of justice will occur if the merits of his claim are not reviewed.    *Hogue*, 131 F.3d at 497 (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) ).    To establish a fundamental miscarriage of justice, petitioner must provide this court with evidence that would support a "colorable showing of factual innocence."    *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Glover*, 128 F.3d at 902.    To satisfy this standard, a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted."    *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted).    To show factual innocence, petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.    *Campos v. Johnson*, 958 F.Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); *see Nobles*, 127 F.3d at 423 n. 33 (actual-innocence factor requires a showing by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").

Griffin points to no *new* evidence that would show his actual innocence of the crimes for which he was convicted.    While he claims that the Dr. Garcia's testimony supported a claim of self-defense, his claims were presented to the jury and resolved against him.    Thus, Griffin has failed to overcome the procedural bar to Claims One and Three, and the foregoing claims should be dismissed with prejudice as procedurally barred.

IV.    **Standards of Review on the Merits**

Title 28 U.S.C. § 2254(d)(1) and (2), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides the applicable standards of review for pure questions of fact, pure questions of law, and mixed questions of both.    A state court's purely factual determinations are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."    28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.    The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").    With respect to a state court's determination of pure questions of law or mixed questions of law and fact, a federal court must defer to the decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The " 'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1) ] have independent meaning."    *Bell v. Cone*, 535 U.S. 685, 694 (2002).    A state-court decision is "contrary to" clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the United States Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the United States Supreme Court and nevertheless arrives at a result different from United States Supreme Court precedent.    *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Wooten v.*

*Thaler*, 598 F.3d 215, 218 (5th Cir.), *cert. denied*, 131 S. Ct. 294 (2010).    An "unreasonable application" of [United States Supreme Court] precedent occurs when a state court "identifies the correct governing legal rule ... but unreasonably applies it to the facts of the particular state prisoner's case."    *Williams*, 529 U.S. at 407-08; *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

It is well-established that "an unreasonable application is different from an incorrect one."    *Bell*, 535 U.S. at 694.    A state court's merely incorrect application of Supreme Court precedent does not warrant habeas relief.    *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").    "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable" under the AEDPA.    *Harrington v. Richter*, 562 U.S. 86, 102 (2011).    Section 2254(d) preserves authority to issue the writ in cases where there is "no possibility fairminded jurists could disagree that the state court's decision conflicts with [United States Supreme Court] precedents."    *Harrington*, 562 U.S. at 102 (emphasis added); *see also Renico v. Lett*, 559 U.S. 766, 130 S. Ct. 1855, 1866 (2010) ( "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.").

The AEDPA's deferential standard of review under Section 2254(d) and *Williams*, 529 U.S. at 362, applies only to claims adjudicated on the merits by the state courts.    28 U.S.C. § 2254(d).    With respect to claims that are not fully adjudicated on the merits in state court, the deferential AEDPA standards of review do not apply.    *Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011); *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).    Instead, the

13

federal courts review those claims under pre-AEDPA de novo standards of review.    *Id.* at 598 (citing *Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying de novo standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009).

## V.    Ineffective Assistance of Counsel

In Claim Two, Griffin asserts that his appellate counsel failed to raise the issue that Griffin was denied his constitutional right to a full and fair voir dire examination of prospective jurors.[28]    He also claims ineffective assistance of trial counsel as cause for his procedural default of Claim Three.

The state district court rejected Griffin's claims that his counsel rendered ineffective assistance raised in his application for post-conviction relief.[29]    The Louisiana Fifth Circuit Court of Appeal denied Griffin's related writ application.[30]    In the last reasoned opinion, the Louisiana Supreme Court denied writs finding "Relator shows no lower court error."[31]

The United States Supreme Court has established a two-pronged test for evaluating claims of ineffective assistance of counsel.    Specifically, a petitioner seeking relief must demonstrate both deficient performance by counsel and that the deficient performance prejudiced his defense.    *Strickland v. Washington*, 466 U.S. 668, 697 (1984).    A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."    *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir.

---

[28]    Rec. Doc. 4-2, p. 3.

[29]    State Rec., Vol. 2 of 9, State District Court Order denying post-conviction relief, 4/4/17.

[30]    State Rec., Vol. 9 of 9, *Griffin v. Vannoy, et al.*, 17-KH-247 (La. App. 5 Cir. 5/17/17) (unpublished).

[31]    *State ex rel. Griffin v. State*, 2017-KH-1144 (La. 10/08/18), 253 So.3d 1289 (per curiam).

1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).    If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e., deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong.    *Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.    *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).    Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689; *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009)..    "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.' "    *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).    A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.    *See Harrington*, 562 U.S. at 104 (*citing Strickland*, 466 U.S. at 689).

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."    *Strickland*, 466 U.S. at 694; *see also Williams v. Thaler*, 602 F.3d 291, 310 (5th Cir. 2010).    Furthermore, "[t]he petitioner must 'affirmatively prove,' and not just allege, prejudice."    *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 695).    In this context, a reasonable

probability is "a probability sufficient to undermine confidence in the outcome."   *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at. 694).

In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."   *Crockett v. McCotter*, 796 F.2d 787, 793 (5th Cir. 1986).   Thus, conclusory allegations of ineffective assistance of counsel, with no showing of effect on the proceedings, do not raise a constitutional issue sufficient to support federal habeas relief.   *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ), *cert. denied*, 531 U.S. 849 (2000).

On habeas review, the United States Supreme Court has clarified that, in applying Strickland, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom."   *Harrington*, 562 U.S at 105.   The *Harrington* Court went on to recognize the high level of deference owed to a state court's findings under *Strickland* in light of AEDPA standards of review:

> The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.   The *Strickland* standard is a general one, so the range of reasonable applications is substantial.   Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (citations and quotation marks omitted).

Accordingly, scrutiny of counsel's performance under § 2254(d) is "doubly deferential."   *Cullen*, 563 U.S. 190 (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009) ).   The federal courts must look at counsel's performance under the *Strickland*

standard through the "deferential lens of § 2254(d)."    *Id.* (citing *Strickland*, 466 U.S. at 689

and quoting *Knowles*, 129 S.Ct. at 1419 n. 2).    Furthermore, the court will "indulge a strong

presumption that strategic or tactical decisions made after an adequate investigation fall

within the wide range of objectively reasonable professional assistance."    *Moore v. Johnson*,

194 F.3d 586, 591 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 689–90); *see also Matheson*

*v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

The *Strickland* standard also applies to claims of ineffective assistance of appellate

counsel.    *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Duhmel v. Collins*, 955 F.2d 962, 967

(5th Cir. 1992) (citing *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).    In reviewing

claims of ineffective assistance of appellate counsel, the Supreme Court has expressly

observed that appellate counsel "need not advance every argument, regardless of merit,

urged by the [ ] defendant."    *Evitts v. Lucey*, 469 U.S. 387, 394 (1985).    When alleging

ineffective assistance of appellate counsel, the defendant "must show that the neglected

claim would have had a reasonable probability of success on appeal."    *Duhmel*, 955 F.2d at

967.    However, failing to raise every meritorious claim on appeal does not make counsel

deficient.    *Green v. Johnson*, 116 F.3d 1115, 1125-26 (5th Cir. 1997) (citing *Ellis v. Lynaugh*,

873 F.2d 830, 840 (5th Cir. 1989)).    Similarly, failing to raise a frivolous claim "does not

cause counsel's performance to fall below an objective level of reasonableness."    *Id.* at

1037.    Courts give great deference to professional appellate strategy and applaud counsel

for "winnowing out weaker arguments on appeal and focusing on one central issue if

possible, and at most a few key issues...."    *Jones v. Barnes*, 463 U.S. 745 (1983).    This is

true even where the weaker arguments have merit.    *Id.* at 751–2.    Instead, the applicable

test is whether the omitted issue was "clearly stronger" than the issue[s] actually presented

on appeal.    *See, e.g., Diaz v. Quarterman*, 228 F. App'x 417, 427 (5th Cir. 2007); *see also Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Because the state courts rejected Griffin's ineffective-assistance of counsel claims on the merits and because such claims present a mixed question of law and fact, this Court must defer to the state-court decision unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."    28 U.S.C. § 2254(d)(1); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). In fact, the United States Supreme Court has held that, under the AEDPA, federal habeas corpus review of ineffective assistance of counsel claims must be "doubly deferential" in order to afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (quoting *Cullen v. Pinholster*, 563 U.S. at 190).

### A.    Ineffective Assistance of Appellate Counsel (Claim 2)

As previously explained, Griffin claims that appellate counsel rendered ineffective assistance for failing to raise on appeal a claim that he was denied the right to a full and fair voir dire examination of prospective jurors.    While he does not expound upon this argument in his habeas petition, in his application for post-conviction relief Griffin claimed:

> In Mr. Griffin's case, the trial court repeatedly admonished defense counsel in front of the jury regarding questions about juror's attitudes and understanding of justifiable homicide.    At one point, the court averred that defense counsel was "playing games" and even refused to allow Defense Counsel to quote the appropriate statute to jurors.
> When defense counsel asked to use the projector, the trial court asked, "How much instruction and lecture on the law, how much more?"    R.p. 128 (2nd Supplement).    Defense counsel told the court that he has not even covered this section yet, and that the State was allowed two or three hypotheticals on the subject.    *Id.* at 149.    The trial court finally conceded, stating, "Okay, all right, not for the first time, but for the second, possibly the third time."    *Id*.
> When defense counsel asked for the pointer back for the projector, the court stated, in the hearing of the jury, "I was told that was the last display or

production of law that you had for this jury." *Id.* at 153.    A minute later, at a bench conference, the court stated that defense counsel was not arguing, rather he was trying to confuse the jury.    *Id*. at 155.    The court then stated, "One more time, Mr. Duffy, I've never known you to play these kinds of games --" *Id.*    Even though this conversation occurred at a bench conference, the trial court was loud enough for the jury to hear.

Such conduct on the part of the judge made it impossible for Mr. Griffin to enjoy his constitutional right to a full and fair voir dire examination. Moreover, the judge's grudging attitude towards defense counsel prejudiced Mr. Griffin in the eyes of the jury and worked to deny him a fair trial.    The trial court' s grudging attitude towards the asking of proper questions created the appearance before the jury that defense counsel was wasting time on frivolous technical defense.    The tenor of the exchanges colored the entire proceedings and undermined the judicial atmosphere necessary to insure the proper conduct of the trial.    *Cf. Duplessis, supra.*

In fact, the trial court's conduct was so prejudicial that defense counsel raised the issue in his Motion for New Trial.    R.p. 124-25.    Thus, there is no reasonable basis for appellate counsel's failure to appeal this issue.    Had appellate counsel appealed this issue, there is a reasonable probability that Mr. Griffin would have obtained relief on direct appeal.[32]

The state district court observed that while appellate counsel did not raise this particular claim relating to voir dire on direct appeal, Griffin himself raised the claim in his pro se supplemental brief and that the claim was denied as meritless.[33]    The state district court concluded that Griffin did not establish that the appellate court would have granted relief had the issue been raised by appellate counsel and Griffin failed to meet the *Strickland* standard.[34]    The Louisiana Supreme Court found no error in the lower court ruling.[35]

On the second direct appeal, the Louisiana Fifth Circuit explained:

**Restriction of Defense Counsel's Jury *Voir Dire* Examination**

---

[32]   State Rec., Vol. 2 of 9, Uniform Application for Post-Conviction Relief and Memorandum in Support of Petition, pp. 10-12, 1/16/17.

[33]   State Rec., Vol. 2 of 9, State District Court Order denying post-conviction relief, pp. 2-3, 4/4/17.

[34]   *Id*.

[35]   *State ex rel. Sean Griffin v. State*, 2017-KH-1144 (La. 10/8/18), 253 So.3d 1289 (per curiam).

In defendant's pro se assignments of error numbers eleven, twelve, and thirteen, he argues that the trial judge restricted defense counsel's examination of prospective jurors regarding justifiable homicide and the consideration of retreat.    Defendant also contends that the judge "contested" when defense counsel continued his explanation of justification to the prospective jurors and used the projector to present law regarding justifiable homicide and the consideration of retreat.

A defendant must be given wide latitude in examining prospective jurors in order to secure information for the intelligent exercise of peremptory challenge or challenges for cause.    *See State v. Simmons*, 422 So.2d 138, 144 (La. 1982).

From a review of the entire voir dire, we find that defense counsel was not unreasonably restricted in the questioning of the prospective jurors. The record reflects that even after the trial judge cautioned defense counsel on his questioning, and following the State's objections, defense counsel was allowed to further discuss the areas of justification and the consideration of retreat and was not restricted.    We find it significant that five prospective jurors,[13] who defense counsel questioned regarding justification and the consideration of retreat, were challenged by the defense, and the trial judge granted these challenges and excused them for cause.    In addition, defense counsel did not object to any cautioning by the trial court nor did he object to any objections by the State.    An error cannot be urged for the first time on appeal. Simmons, 422 So.2d at 144 (citing La.C.Cr.P. art. 841).

[13] The five prospective jurors thus questioned and removed for cause were Michael Villarrubia, Susan Caire, Rhonda Anchissi, Katharine Nieto, and Ms. Holley.

For the above stated reasons, we find that defendant's claim that the trial judge restricted defense counsel's voir dire examination in his pro se assignments of error eleven, twelve, and thirteen to be without merit.[36]

The Louisiana Supreme Court denied writs without assigning reasons.[37]

Given that Griffin raised the argument himself on direct appeal, he has not demonstrated that he suffered any prejudice as a result of his appellate counsel omitting the argument.    Further, even had Griffin's appellate counsel raised her own argument related to the trial court's restrictions on defense counsel during voir dire, it is clear that any such argument would have been denied.    Failure to raise a meritless claim on appeal is not

---

[36] *State v. Griffin,* 14–KA–450 (La. App. 5 Cir. 12/16/14), 167 So.3d 31, at p. 47; State Rec., Vol. 7 of 9.

[37] *State v. Griffin*, 2015–KO–0148 (La. 11/20/15), 180 So.3d 315; State Rec., Vol. 9 of 9.

deficient performance.    *See Anderson v. Quarterman*, 204 F. App'x 402, 410 (5th Cir. 2006) ("The issues that Anderson argues his counsel should have raised on direct appeal ... lack merit.    As such, failure to raise these issues did not prejudice Anderson."); *see also, Kossie v. Thaler*, 423 F. App'x 434, 437 (5th Cir. 2011) (recognizing the Supreme Court's premise that only when ignored claims are stronger than those raised will the presumption of effectiveness be overcome) (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000) ).

Consequently, Griffin has failed to demonstrate that the state court's decision rejecting this ineffective assistance of appellate counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.    He is not entitled to relief on this claim.

### B.    Ineffective Assistance of Trial Counsel-Cause for Procedural Default of Claim 3

Finally, Griffin claims as cause for the procedural default of Claim Three that his trial counsel was ineffective, presumably for failing to object to the prosecution's misconduct during closing argument.    He appears to claim that his trial counsel should have objected when the prosecutor vouched for its witnesses' credibility and attacked Griffin's credibility.

When Griffin raised this argument in his application for post-conviction relief, the state district court found that Griffin failed to assert how counsel was ineffective with regard to closing arguments.[38]    The Louisiana Supreme Court found no error in the lower court rulings.[39]

---

[38]  State Rec., Vol. 2 of 9, State District Court Order denying post-conviction relief, p. 1, 4/4/17.

[39]  *State ex rel. Sean Griffin v. State*, 2017-KH-1144 (La. 10/8/18), 253 So.3d 1289 (per curiam).

Griffin fails to point to any specific comments made during the prosecution's closing argument or rebuttal that he contends constituted prosecutorial misconduct. The Court has reviewed the entirety of the transcript of the closing arguments.[40] The transcript does not support Griffin's claim that the prosecution personally vouched for the credibility of its witnesses. In fact, the prosecution made very few references to its witnesses' testimony and primarily relied on the video depicting the murder as the evidence supporting its case. There simply was no vouching for any of the witnesses. The prosecution correctly argued that, in judging credibility, the jury could consider whether the testimony made sense, whether the witness had any previous criminal convictions, and whether the witness had anything to gain or lose by his testimony.[41] While the prosecution used the video and other evidence of record to attack Griffin's credibility during its closing and rebuttal arguments[42], it was permissible for it to do so. *State v. Lawrence*, 40,278-KA, 40, 796-KA (La. App. 2 3/15/06), 925 So.2d 727, 748 ("A district attorney may express an opinion about the defendant and/or the evidence presented by the defendant when it is apparent that the opinion is based upon the evidence of record. Commenting on the credibility of the witnesses is proper and within the scope of closing argument.") (citation omitted).

Because there was no misconduct in the manner in which the closing argument was made, Griffin's counsel cannot be faulted for failing to object to it. As Griffin has not established ineffective assistance of counsel with regard to closing arguments, he has not established cause for the procedural default of Claim Three.

---

[40] Stat Rec., Vol. 8 of 9, Closing Arguments Transcript, 5/9/13.

[41] *Id.*, at pp. 27-28.

[42] *Id.*, at pp. 5-12, 23-29.

## RECOMMENDATION

**IT IS RECOMMENDED** that Griffin's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[43]

New Orleans, Louisiana, this _25th_ day of _____April_____ 2019

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[43] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.